ELLISVILLE LUMBER COMPANY *v.* FIRST NATIONAL BANK OF FORDYCE.

Opinion delivered June 14, 1926.

1. TRIAL—CONSTRUCTION OF CHARGE AS A WHOLE.—In an action on drafts by an indorsee against a drawer, an instruction to find for the indorsee if the drawer failed to prove that the indorsee agreed to take the drafts in absolute payment of the drawer's indebtedness "without recourse" *held* not objectionable in using the words "without recourse," as their meaning was well-defined, and the instructions as a whole left no doubt as to their meaning.

2. BILLS AND NOTES—ACCEPTANCE OF DRAFT AS PAYMENT—INSTRUCTION.—In an action on a draft by an indorsee against the drawer,

an instruction to find for the drawer if the indorsee accepted them in full payment of the drawer's indebtedness, *held* to submit the issue raised by the drawer's answer alleging that the indorsee induced the drawer to sell lumber at a sacrifice under an agreement to take the drafts in absolute payment.

3. BILLS AND NOTES—BURDEN OF PROOF.—The drawer of a draft has the burden of overcoming the presumption that the drawer is liable to the holder on the drawee's blank indorsement.

4. BILLS AND NOTES—HANDLING OF DRAFTS—EVIDENCE.—In an action by an indorsee against the drawer of a draft, wherein the drawer's answer alleged that the drafts were accepted in payment of drawer's debt to the indorsee, testimony of the indorsee's president as to a conversation had with the drawer relating to the handling of this and other drafts was competent.

5. EVIDENCE—SILENCE AS DECLARATION AGAINST INTEREST.—In an action on a draft by an indorsee against the drawer, wherein the drawer contended that the draft was taken in payment of the debt, *held* that testimony relating to a conversation wherein the indorsee's president demanded payment of the drawer and the drawer said nothing, was competent as a declaration against interest.

Appeal from Dallas Circuit Court; *Turner Butler,* Judge; affirmed.

*P. G. Matlock* and *Wilson & Martin,* for appellant.
*S. F. Morton* and *Frauenthal & Johnson,* for appellee.

SMITH, J.  This is the second appeal in this case, and, as appears from the opinion on the former appeal (163 Ark. 471), the suit was brought against the appellants, Ellisville Lumber Company, by appellee, First National Bank of Fordyce, to recover the amount of three drafts which had been indorsed by appellants to appellee. These drafts were drawn by appellants on the Morse Bros. Lumber Company, and were payable to the order of appellants, and were indorsed by them in blank to appellee. The drafts were presented to Morse Bros. Lumber Company at the place of payment, and were duly protested when payment was not made. Thereupon this suit was brought.

The Morse Bros. Lumber Company made no defense, but appellants filed an answer in which they alleged that, by threats of suit, appellants had been compelled to sell

certain lumber to Morse Bros. Lumber Company at a price much below its market value, but had made the sale upon the agreement that, if made, drafts drawn on Morse Bros. Lumber Company for the lumber so sold would be accepted at their face value as credits on the indebtedness due from appellants to appellee, and it was alleged that the drafts were indorsed by appellants in blank, and that the indorsements were made simply to pass the title to the drafts indorsed.

A demurrer to this answer was sustained, and appellants stood on their answer and appealed to this court.

Upon the appeal we held that it was not duress to do that which a party had a legal right to do, and the fact that a creditor threatens to bring suit to collect a claim constitutes neither duress nor fraud, and that the compromise of such a claim is binding in law.

We also held that, while there is a conflict of authority upon the question whether parol evidence is admissible to contradict or vary the implied terms of a blank indorsement as between the immediate parties, the prevailing view favors the rule excluding parol evidence, since the contract implied by the blank indorsement is as definite as if it were expressed.

We said, however, that there are certain well recognized exceptions to the general rule as between the immediate parties, that it was always competent to show by parol evidence either want or failure of consideration between indorser and indorsee, or that the indorsement was procured by fraud, or that it was made upon some special trust, or to make collection.

There was some uncertainty about the interpretation of the allegations of the answer, but we construed the answer to mean that appellants had indorsed the drafts merely to pass the title to the indorsee, and had done this under an agreement that the drafts so indorsed should be accepted as absolute payment of the indebtedness of the indorser to the indorsee to the extent of the face of the drafts, and that the demurrer to the answer had therefore been improperly sustained.

Upon the remand of the cause, testimony was offered tending to establish the fact that the indorsement had been made only for the purpose of passing title.

The court gave, at appellee's request and over appellant's objection, an instruction numbered 5, reading as follows: "You are instructed that, when the defendant executed the three drafts as drawer and indorsed them, under the law they became responsible to and agreed to pay the plaintiff the amount thereof in the event that Morse Bros. Lumber Company failed to pay them and they were duly protested, just as if that agreement was written on the back of the drafts above their indorsements, unless there was a specific agreement made at the time to the contrary; and, if you find from the evidence that defendant did draw the drafts and indorse them, and the drafts were not paid, and were duly protested, and the defendant has failed to prove by a preponderance of the evidence that the plaintiff at the time agreed that it took the drafts not only in payment of defendant's indebtedness to the amount of the proceeds of said drafts, but also agreed that it took them without recourse on defendant, regardless of whether Morse Bros. Lumber Company paid them, and that defendant indorsed the drafts only to pass the title to them to the plaintiff, then your verdict should be for the plaintiff."

Appellants specifically objected to that part of the instruction which reads as follows: "but also agreed that that it took them without recourse on defendant, regardless of whether" for the reason that the words "without recourse" were misleading.

Objection was also made to another instruction given at the request of appellee because it too employed the phrase "without recourse", the objection being made for the same reason.

We think there is nothing ambiguous or misleading in the phrase "without recourse." It is a term with a well-defined meaning in commercial law. Indeed, one of the partners composing the appellant firm, in testifying as a witness, employed it himself. The court was

not asked to define the phrase. In fact, all the instructions, read together, left no doubt as to what it meant. Appellants now insist that the jury may have thought the employment of this phrase was necessary at the time the drafts were drawn, but the instruction does not say so, and, if appellants were apprehensive on this score, they should have asked an instruction stating that the employment of these particular words was not essential.

The court gave on its own motion, and over appellant's objection, the following instruction: "A. If the jury believe from a preponderance of the evidence in this case that there was a specific agreement at the time on the part of the First National Bank of Fordyce to take the acceptances introduced in evidence in this case as payment in full of the indebtedness due by defendants to it, the amount of the acceptances, regardless of the fact of whether or not the Morse Bros. Lumber Company paid the acceptances, and that the defendants indorsed the acceptances in blank for the purpose of transferring the title of the acceptances to the plaintiff and thereby carry out its original agreement with the plaintiff, your verdict should be for the defendant."

This instruction fully and correctly submits the issue of fact in the case, and accords with the law as declared in the opinion on the former appeal, and we think makes clear the fact necessary to be shown for appellants to escape liability on their indorsement.

An objection was saved to an instruction which placed the burden of proof on appellants. There was no error in this. In the former opinion we said: "As we have already seen, the presumption of liability arising from a blank indorsement is *prima facie* merely, and not conclusive." The fact that there is a presumption, although it is only *prima facie,* and not conclusive, casts the burden of proof of overcoming this *prima facie* presumption on appellants.

Exceptions were saved to the admission of certain testimony. Mr. Abernathy, the president of appellee bank, testified that, after he had called upon appellants

to reduce their indebtedness to the bank, appellants came to him and wanted to know whether or not the bank would handle drafts given by prospective purchasers of lumber, among these being the Morse Bros. Lumber Company and the Riley Lumber Company. Abernathy testified that lumber was sold to the Riley Lumber Company as well as to the Morse Bros. Lumber Company, and that a draft drawn on the Riley Lumber Company was deposited to appellants' account, and was paid by the company on which it was drawn.

We think no error was committed in admitting this testimony. In the first place, the Riley draft was paid, and appellants were, for that reason, entitled to credit for its proceeds. Moreover, Abernathy testified that the conversation in regard to all these drafts occurred at the same time, and before they were drawn, and that all of the drafts drawn were part of the same arrangement.

Exceptions were also saved to the admission of certain testimony which the appellants say was self-serving. This testimony related to a conversation which occurred in the bank between the president thereof and a member of appellants' firm which was overheard by employees of the bank. The purport of this testimony was that Abernathy advised the member of appellants' firm that the drafts had not been paid, and demanded that they be taken up and paid, and nothing was then said about the drafts having been accepted as absolute payment for the amounts thereof. This testimony was competent. It related to a conversation between the parties in interest, and was in effect a declaration against interest.

The testimony presented a clear-cut issue of fact, and the jury might have found either way, but the jury accepted as true appellee's version of the transaction, and the verdict of the jury is conclusive of the question of fact.

We find no error in the record, and the judgment must be affirmed.